RECEIVED
NOV 13 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DANIELE KNOLL | CIVIL ACTION NO. 15-2326 |
| -vs- | DISTRICT JUDGE TRIMBLE |
| FIRE MOUNTAIN RESTAURANTS, LLC, et al | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION ON MOTION TO REMAND

Before the Court is plaintiffs' MOTION TO REMAND, **Doc. # 6**, referred to me by the district judge for report and recommendation.

### FACTUAL BACKGROUND

Plaintiff filed suit in state court against the defendant restaurant (Fire Mountain) and its employee, Korey Coppage, alleging that Coppage "intentionally engaged in unwelcomed (sic) sexually oriented comments and touching" toward plaintiff " which created an abusive and hostile work environment." Plaintiff also sues for retaliatory discharge.

Defendants timely filed a notice of removal to this court asserting that Coppage is "improperly" joined because there is no reasonable possibility of recovery against him because only employers can be liable for discrimination.[1] Therefore defendants assert that

---

[1] The Fifth Circuit has suggested that the term "improper joinder" is more consistent with the statutory language than "fraudulent joinder" and is thus preferred. Smallwood v. Illinois Central Gulf Railroad Company, 385 F.3d 568 (5th C. 2004). However, the term "improper joinder" is less precise and is sometimes cause for confusion, particularly where issues are

complete diversity of citizenship exists and that damages in excess of the jurisdictional limit of $75,000 are "facially apparent" on the Petition. Plaintiff has filed this motion to remand.

## DISCUSSION

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. McKee v. Kansas City Southern Railway Co., 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiff has no reasonable possibility of recovery against the individual defendant, Coppage. Their burden of proof is a heavy one. See Ross v.

---

presented as to both "improper joinder" and "misjoinder" under Rules 20 & 21 as well longstanding concepts of joinder under Louisiana law.

2

Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). Id. All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. Travis, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. Id. at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law). "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." Id.

In discerning whether a non-diverse defendant has been fraudulently joined, the court must determine whether the plaintiff has any possibility of recovering against the non-diverse defendant. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100-101 (5th Cir.) 1990.

The Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938). Where a specific

3

amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought, except in certain circumstances. La. Code Civ. P., Art. 893. Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra. The defendant may make this showing in either of two ways: (1) by demonstrating that it is facially apparent from the complaint that the claims are likely above $75,000, or (2) by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute, for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining

4

the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is, not facially apparent, at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

As Magistrate Judge Wilson stated in Carrier v. Veolia, 2007 WL 2350258 (W. D. La. 2007), no amounts which may be asserted in valid defense of all or part of a claim may be used to reduce the amount in controversy in order to defeat diversity jurisdiction. The issue is not how much plaintiff's case may really be worth when all is said and done but, rather, what is the amount placed in dispute by the plaintiff.

## ANALYSIS

The issue boils down to whether or not plaintiff has set forth a claim against Coppage individually. Defendants suggest that there is no claim in the petition for assault, battery or intentional infliction of mental distress. However, the petition does claim intentional, unwelcome touching. Such unwelcome touching could rise to the level of a battery. See Johnson v. English, 779 So. 2d 876 (La. App. 2nd Cir. 2000). I cannot say that there is no reasonable possibility of recovery against Coppage for his actions.

Further, I do not find that the amount in dispute is "facially apparent" on the Petition. The damages asserted are stated in generalities with little specificity, similar to those made in Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Even considering attorney fees, defendants have failed to support their claim that the damages exceed $75,000.

Because complete diversity does not exist and the damages have not been shown to exceed $75,000,the motion to remand should be GRANTED.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to remand (Doc. **6**) should be GRANTED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO**

**PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, this 13th day of November, 2015..

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE